IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02333-LTB-CBS

LAFAYE ADAMS,
    Plaintiff,
v.

FEDEX GROUND PACKAGE SYSTEM, INC.,
MARK HARRIS, in his official capacity as Senior Manager, and in his individual capacity, and
MARK POOLE, in his official capacity as P & D manager, and in his individual capacity,
    Defendants.

ORDER

Magistrate Judge Craig B. Shaffer

    This civil action comes before the court on "Plaintiff's Motion for Leave to File Second Amended Compliant and Jury Demand." Pursuant to the Order of Reference dated January 27, 2012 (Doc. # 6) and the memorandum dated August 20, 2012 (Doc. # 47), this matter was referred to the Magistrate Judge. The court has reviewed Ms. Adams' Motion, Defendants' Response (Doc. # 50), Ms. Adams' Reply (Doc. # 51), the pleadings, the entire case file, the proceedings held on May 1, 2012 (*see* Courtroom Minutes/Minute Order (Doc. # 21)) and July 31, 2012 (*see* Courtroom Minutes/Minute Order (Doc. # 45)), and the applicable law and is sufficiently advised in the premises.

    Proceeding *pro se*, Ms. Adams filed her initial Compliant on September 6, 2012. (*See* Docs. # 1, # 2). The sole Defendant in the initial Complaint filed its Motion to Dismiss on April 5, 2012. (*See* Doc. # 12). Ms. Adams filed a Response to the Motion on April 11, 2012 (*see* Doc. # 14) and an Amended Complaint on April 15, 2012. (*See* Doc. # 15). On April 30, 2012, Defendant filed its Motion to Dismiss the Amended Complaint. At a hearing held on May 1, 2012, Ms. Adams withdrew her Amended Complaint and the court permitted her until May 31, 2012 to refile the Amended Complaint. (*See* Courtroom Minutes/Minute Order (Doc. # 21)). Ms. Adams filed a 40-page Amended Complaint on May 31, 2012, naming two

additional Defendants. (*See* Doc. # 23). On June 21, 2012, Defendants filed their Motion to Dismiss the Amended Complaint. (*See* Doc. # 26).

At a hearing held on July 31, 2012, the court permitted Ms. Adams an extension of time until August 21, 2012 to respond the Defendants' Motion to Dismiss the Amended Complaint. (*See* Courtroom Minutes/Minute Order (Doc. # 45)). On August 16, 2012, Ms. Adams filed the instant Motion for Leave to File a Second Amended Complaint and a proposed Second Amended Complaint. (*See* Docs. # 46, # 46-1). On August 22, 2012, Ms. Adams filed her Response to Defendants' Motion. (*See* Doc. # 48). Defendants object to Ms. Adams' Motion to file a Second Amended Complaint, arguing that the amendment is futile and that Ms. Adams "has failed to remedy the deficiencies in her complaint despite being allowed to amend on two previous occasions." (*See* Response (Doc. # 50) at 1 of 3).

The District Court for the District of Colorado has noted that "[r]ather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place." *General Steel Domestic Sales, LLC v. Steelwise, LLC*, No. 07-cv-01145-DME-KMT, 2008 WL 2520423, at * 4 (D. Colo. 2008). If Defendants have viable grounds for dismissing Ms. Adams' Second Amended Complaint, such arguments are more efficiently raised in the context of their Rule 12 motion, rather than indirectly under Rule 15(a). *See id.* (recognizing that a futility argument under Rule 15(a) effectively places "the cart before the horse"). At the very least, proceeding under Rule 12 would avoid one round of objections under either Fed. R. Civ. P. 72(a) or (b).[1]  *Cf. In re K-Dur Antitrust Litigation*, 338 F. Supp.2d 517, 528 (D. N.J. 2004) (noting efficiencies of disposing of a motion to amend along with a Rule 12 motion); *Leach v. Northern Telecom, Inc.*, 790 F. Supp. 572, 573-74 (E.D.N.C. 1992) (reasoning that a

---

[1] An order denying a motion to amend may be dispositive if the order effectively removes a claim or a party from the action. *See Pedro v. Armour Swift-Eckrich*, 118 F. Supp.2d 1155, 1157 (D. Kan. 2000)).

pragmatic approach to plaintiff's motion to amend assured the best use of judicial time and resources). As Defendants' arguments asserted in their pending Motion to Dismiss also apply to Ms. Adams' proposed Second Amended Complaint, the court will permit the amended pleading and address Defendants' arguments to Ms. Adams' Second Amended Complaint. Ms. Adams is reminded that she does not have a right to perpetually amend her pleading. No further amendments will be permitted until a recommendation has been made by the Magistrate Judge and a ruling has been made by District Judge Babcock on Defendants' Motion to Dismiss. Accordingly,

IT IS ORDERED that:

1. "Plaintiff's Motion for Leave to File Second Amended Compliant and Jury Demand" (filed August 16, 2012) (Doc. # 46) is GRANTED and the Second Amended Complaint (Doc. # 46-1) is accepted for filing as of the date of this Order. The Clerk of the Court shall docket Doc. # 46-1 as the Second Amended Complaint.

2. Defendants may supplement their pending Motion to Dismiss (Doc. # 26) on or before January 24, 2013.

3. Plaintiff may respond to Defendants' supplement on or before Thursday, February 7, 2013.

DATED at Denver, Colorado, this 4th day of January, 2013.

BY THE COURT:

   s/Craig B. Shaffer
United States Magistrate Judge